**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| JASON RAE, LIQUIDATING TRUSTEE OF THE LIQUIDATING CREDITORS' TRUST OF ERICKSON RETIREMENT COMMUNITIES, L.L.C. | * * * * * | |
| Appellant, | * * | |
| v. | * * | Civil Case No.: SAG-20-3187 |
| 2002 JOHN C. ERICKSON GST TRUST | * * | |
| Appellee. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| JASON RAE, LIQUIDATING TRUSTEE OF THE LIQUIDATING CREDITORS' TRUST OF ERICKSON RETIREMENT COMMUNITIES, L.L.C. | * * * * * | |
| Appellant, | * * | |
| v. | * * | Civil Case No.: SAG-20-3188 |
| 2002 NANCY A. ERICKSON GST TRUST | * * | |
| Appellee. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

These appeals result from the dismissal of involuntary bankruptcy petitions filed by the Appellant, Jason Rae, the Liquidating Trustee ("Liquidating Trustee") of the Liquidating Creditors' Trust of Erickson Retirement Communities, L.L.C. ("Liquidating Trust"), against the Appellees, the 2002 John C. Erickson GST Trust and the 2002 Nancy A. Erickson GST Trust (collectively "the GST Trusts"). On October 20, 2020, following briefing and a joint hearing as to the two closely related petitions, United States Bankruptcy Judge Michelle Harner ("Judge

Harner") issued Orders granting the GST Trusts' motions to dismiss the involuntary petitions, after determining that they should be treated as motions for summary judgment. These two appeals followed. I have reviewed Appellant's briefs, ECF 4 in 20-3187 and ECF 3 in 20-3811, and Appellees' briefs, ECF 6 in both cases, along with the record from the bankruptcy case. No hearing is necessary.[1] *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Bankruptcy Court's decisions are **AFFIRMED**.

## I. Factual Background

Erickson Retirement Communities, LLC ("Erickson") operated a sizeable chain of retirement and assisted living centers. In 2002, tax advisors for John C. Erickson and Nancy A. Erickson created the GST Trusts, which were intended to fulfill certain charitable goals and to provide certain estate planning benefits for the Erickson family. ECF 2-21 at 2-3. The GST Trusts held assets including equity or debt interests in one or more corporate entities but did not own tangible or intangible property or have employees. The businesses in which the GST Trusts held equity or debt interests operated independently of the GST Trusts, with their own boards and corporate structures.

In 2009, as a result of the 2008 economic downturn, Erickson filed a confirmed plan of reorganization ("the Plan") in the United States Bankruptcy Court for the Northern District of Texas. The Liquidating Trust was formed to prosecute claims in the Texas bankruptcy case for the benefit of classes of Erickson's unsecured creditors specified in the Plan, including certain claims against the GST Trusts.

---

[1] The records in the two cases, 20-3187 and 20-3188, are near-identical, as is the parties' briefing. Where not otherwise specified, ECF references herein refer to the record in 20-3187.

In a subsequent lawsuit brought by the predecessor of this Liquidating Trustee in this Court, United States District Judge William D. Quarles, Jr. entered judgment for the Liquidating Trustee against the two GST Trusts, jointly and severally, in the amount of $107,381,322.34. *Lain v. Erickson,* Civ. No. WDQ-11-3736 (D. Md. Dec. 3, 2014), ECF 196. The Liquidating Trustee's efforts to collect that judgment have been unsuccessful. During the post-judgment discovery in the 2015 time frame, the Liquidating Trustee learned of an entity called Erickson Media, LLC ("Media"), which is comprised of just two members, the two GST Trusts. He also learned of a separate entity, Retirement Living TV, LLC ("RLTV") which is believed to have two members, Media and John Erickson.

In the summer of 2020, the Liquidating Trustee discovered that in 2017, RLTV had sold its assets for over $12 million and had paid the sale proceeds to an entity called Oncerisk, LLC ("Oncerisk"). Oncerisk is managed by Scott Erickson, who is also the current trustee of both GST Trusts. The Liquidating Trustee therefore filed involuntary bankruptcy petitions against both GST Trusts, in an attempt to recover the proceeds of the 2017 asset sale from Oncerisk.

Each GST Trust filed a motion to dismiss the involuntary bankruptcy petitions, arguing (1) that they are testamentary trusts and are therefore statutorily ineligible to be debtors in bankruptcy, and (2) that the involuntary petitions constituted an improper use of the bankruptcy system to achieve nonbankruptcy collection purposes. After a hearing and review of the parties' briefing and evidence, Judge Harner granted the motions. ECF 2-27.

**II.  Legal Standard**

**III.**  This court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158. On appeal from the bankruptcy court, the district court acts as an appellate court and

reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992).  **Analysis**

### A. Propriety of Treating Motions as Motions for Summary Judgment

The Liquidating Trustee argues that Judge Harner improperly converted the GST Trusts' motions to dismiss into summary judgment motions, without affording him an opportunity to conduct fact discovery. *See, e.g.*, ECF 4 in 20-3187 at 4-5.  A Bankruptcy Court's decision to treat a motion to dismiss an involuntary petition as a summary judgment motion is reviewed for abuse of discretion.  *Logar v. West Virginia Univ. Bd. of Gov.*, 493 Fed. App'x. 460, 461 (4th Cir. 2012). An abuse of discretion occurs where "(1) the court fails to 'actually . . . exercise discretion, deciding instead as if by general rule, or even arbitrarily', (2) the court fails to take relevant facts 'constraining its exercise' of discretion into account; or (3) its decision is based on erroneous conclusions of law or fact." *United States v. Roberson*, 188 B.R. 364, 365 (D. Md. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)).  The propriety of conversion to a summary judgment motion generally turns on whether the parties are given adequate notice of the conversion and afforded an opportunity to submit additional information. *See Logar*, 493 Fed. App'x. at 461 (citing *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)).

Here, the Liquidating Trustee suggests that he was not given appropriate notice of the conversion.  Judge Harner, however, expressly stated on the record at the hearing,

> What I am going to do is I am going to treat the motion to dismiss as a motion for summary judgment under Civil Rule 12(c) and Civil Rule 56.  I will give each party seven days if you want to file a supplemental affidavit under section – or section – under Rule 56(e), I would welcome that from either side.  No one is obligated to file anything additional, but if you feel there are fact s that you want in the record and you didn't already to it through your exhibits that have been filed, please feel free to use the 56(e) vehicle for those purposes. . . . So from the liquidating trustee's perspective, I suspect that will be to highlight what the Trustee believes are disputed issues of material fact, and the Alleged Debtors will be on the opposite side of that coin, knowing the Rule 56 standard."

ECF 5-1 in 20-3187 at 88-89.  Thus, there can be no question that the parties had adequate notice of Judge Harner's intent to treat the motion as one seeking summary judgment.

The Liquidating Trustee's argument seems to be that in the context of a conversion to summary judgment, he had the right to "undertake reasonable discovery."  ECF 4 at 25.  In fact, however, a Court is not automatically required to permit discovery in the context of conversion to a summary judgment motion.  *See* Fed. R. Civ. P. 56(d) (permitting a court to take a variety of actions "where a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts **essential to justify its opposition**") (emphasis added).  The Liquidating Trustee filed an affidavit before Judge Harner in which he expressly requests discovery and argues that he needs the discovery to present facts essential to justify his opposition.  ECF 2-22.  However, Judge Harner was not required to allow the additional discovery if the Liquidating Trustee failed to make the required showing under Rule 56(d).  Here, Judge Harner found adequate factual evidence in the record to rule on the motions.  The vast majority of the discovery sought in the Liquidating Trustee's affidavit pertains to incidents that would have been well-known to the Liquidating Trust during its collections-related post-judgment discovery in 2014-2015.  *See* ECF 2-27 at 16 n.16 (Judge Harner's assessment that the Liquidating Trustee "had an opportunity to explore at least the relationship among the Erickson GST Trusts, Media, and RLTV during and after the 2015 post-judgment discovery").  Only the incident involving the 2017 sale of RLTV assets, with the proceeds being transmitted to Oncerisk, occurred after that earlier litigation.  Facts surrounding the 2017 sale, however, would have no bearing on the pertinent questions presented to Judge Harner in these motions, which involve the primary purpose of the GST Trusts and the number of creditors the GST Trusts currently have.  *See id.* ("Moreover, the Court does not believe that any additional discovery would change the fact that at this point in them, the Erickson GST Trusts have

filed final tax returns and have filed documentation that it [sic] no longer has any assets or creditors.").

This Court is also mindful that Judge Harner was making her rulings in the context of a contested involuntary bankruptcy proceeding. Bankruptcy Rule 1013(a) mandates that the court "determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition or enter any other appropriate order." Thus, Judge Harner's procedural decision to convert the motions to summary judgment, in a time-sensitive proceeding in which she found adequate factual evidence to support her ruling and gave ample notice to the parties, did not constitute an abuse of discretion.

**B. Purpose and Legal Status of the GST Trusts**

Turning next to the initial question answered by Judge Harner, the primary issue presented was whether the GST trusts were business trusts or testamentary trusts. In other words, did the trusts exist for the purpose of conveying assets to family members or for the purpose of furthering business? That question is dispositive, because a "business trust" is deemed to be the equivalent of a "corporation" for purposes of the United States Bankruptcy Code. 11 U.S.C. § 101(9)(A)(v). "But a personal, family or testamentary trust – the primary purpose of which is to provide for the maintenance of the trust beneficiaries – is not eligible." *In re Jin Suk Kim Trust*, 464 B.R. 697 (2011).

The Fourth Circuit has yet to address the appropriate standard for determining whether a trust is a business trust for purposes of §101(9)(A)(v). In *Kim Trust*, the Bankruptcy Court summarized the existing case law, including cases from the Sixth and Second Circuits, and noted, "The one overriding principle that emerges from the cases is that the determination of whether a trust is a business trust is fact-specific and focuses on the purpose and operations of the trust." 464

B.R. at 704. Judge Harner engaged in that precise analysis here, making the following factual findings about the GST Trusts:

- The Trusts were established as irrevocable trusts "not subject to amendment by the Settlor, in whole or part, in any respect."

- Each Trust document states that the "primary purpose of the Settlor in establishing this trust is to create an independent entity to act as a resource for the family of the Settlor."

- The Trust document define the concept of beneficiary broadly as any person, including descendants, but qualify this broad concept with specific language concerning the Settlor's family and descendants and excluding the Settlor, the Settlor's spouse, and the Trustee from receiving distributions.

- The Settlor retains discretion to remove the Trustee, but neither the Settlor nor the Settlor's spouse may serve as Trustee.

- The Settlor's children (with some qualifications) have the right to direct how the Trustee votes or transfers any equity interests held by the Trusts.

- The Trustee is a fiduciary under the Trust documents.

- The Trusts' primary assets were certain ownership interests in Erickson Group, LLC ("EG") and in Erickson Media, LLC ("Media").

- The Trusts held assets contributed by the Settlors, as well as equity or debt interests acquired or assumed through various transactions. These assets and obligations all appear to be in Erickson-owned businesses. None of these assets or obligations, however, appear to provide the Trusts with management or control over the separate entities.

- As of 2015, the Nancy Erickson GST Trust has no employees, bank accounts, or creditors; its only asset was its interest in Media. It appears that this description remains applicable today and covers the state of the John Erickson GST Trust as well.

- The Trusts were intended to be structured as estate planning and strategic tax planning devices.

ECF 2-27 at 11-12 (internal citations omitted). Judge Harner acknowledged "that the Erickson GST Trusts did engage in transactions that supplemented the Trust res. These transactions involve

7

some level of business activity, but all that activity appears aligned with the Trusts' objectives of being "an independent entity to act as a resource for the family of the Settlor" as opposed to "the operation of a commercial activity or business for profit." ECF 2-27 at 13.

The Liquidating Trustee contends that, because the named trustees of the GST Trusts were Erickson family members, John Erickson was allowed to maintain unfettered access to the GST Trust's assets and to continue to manage EG. However, the fact that John Erickson continued to manage EG has no bearing on whether or not the Trusts were themselves engaged in business, or simply owned a passive equity interest in EG for the purpose of passing that interest to family members in a tax-friendly way. Despite having extensive discovery from its prior litigation against the GST Trusts on their finances and activities, the Liquidating Trustee provides no evidence that the GST Trusts were engaged in business, to contradict the factual findings made by Judge Harner. In fact, the Liquidating Trustee offers no evidence that the GST Trusts' trustees were the mere pawns the Liquidating Trustee posits them to be. This Court therefore discerns no clear error in Judge Harner's findings of fact as to these issues. Moreover, this Court agrees with and adopts Judge Harner's conclusion of law after *de novo* review of the record: the GST Trusts were testamentary trusts, not business trusts, making summary judgment appropriate since they are not proper debtors under the Bankruptcy Code.

### C. Improper Use of Bankruptcy Petitions

Judge Harner also dismissed the involuntary petitions on the independent grounds that such petitions "cannot be used as a single creditor collection device." ECF 2-27 at 14-18. The Liquidating Trustee contests that finding, citing a balance sheet it had obtained in the post-judgment litigation showing that the John Erickson GST Trust, as of August 4, 2015, owed $52 million in debt unrelated to the Liquidating Trustee's substantial judgment. Judge Harner's

conclusion, however, did not contradict that fact, but simply credited the uncontroverted evidence that "at this point in time, the Erickson GST Trusts have filed final tax returns and have filed documentation that [they] no longer have any assets or creditors." ECF 2-27 at 16.  In other words, the determination Judge Harner made is not whether the GST Trusts ever had other creditors at any point in time, but whether there were other current creditors with an interest in pursuing claims via the involuntary petitions.  She concluded, "The Court has nothing before it to suggest that the Trusts have any creditor other than ["the Liquidating Trust."] Indeed, the papers (including those filed by the Creditor) suggest that the trusts have no other creditors.  Appointing a Chapter 7 trustee in these cases and under these circumstances would add nothing for the collective good of creditors but would impose costs on the system." *Id.*

This Court agrees with and adopts, after *de novo* review of the record, Judge Harner's view that the Liquidating Trustee's involuntary petitions constitute an improper use of the bankruptcy code.  To the extent that the GST Trusts engaged in a fraudulent conveyance or maintained some unfulfilled duty to update discovery responses relating to post-judgment collection activity, the Liquidating Trustee is free to pursue any available nonbankruptcy remedies.  Judge Harner specifically explained that she "offers no findings or opinions on the other allegations contained in the parties' papers, including the viability of any fraudulent transfer or other actions under applicable nonbankruptcy law." ECF 2-27 at 18.  This Court agrees that the Liquidating Trustee has other legal options at his disposal, pursuant to which he can pursue relief to the extent that there was some asset manipulation involved in the sale of RLTV's assets.  Involuntary bankruptcy petitions, however, cannot be used in this context by a single creditor to collect its outstanding judgment.

**IV.     Conclusion**

For the reasons explained above, the Bankruptcy Court's decisions are affirmed. A separate Order follows.


Dated: April 22, 2021                                                  /s/
                                                              Stephanie A. Gallagher
                                                              United States District Judge